UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA A. FLOWERS : | |
|     Plaintiff, : | |
| : | No. 3:20-CV-01016 (VLB) |
| v. : | |
| : | |
| CONNECTICUT LIGHT & POWER : | March 9, 2021 |
| COMPANY : | |
|     Defendant. : | |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 10]**

Before the Court is a Motion to Dismiss the Plaintiff Patricia A. Flowers' Complaint, [ECF No. 1], brought by Defendant Connecticut Light & Power Company ("CL&P").  [ECF No. 10].  Also before the Court is Plaintiff's Motion to Amend her Complaint, filed soon after CL&P's filing of its Motion to Dismiss.  [ECF No. 13]. For the reasons set forth herein CL&P's Motion to Dismiss will be GRANTED and Plaintiff's Motion to Amend will be DENIED.

I.    **Plaintiff's Complaint and Motion to Amend**

Plaintiff filed her Complaint "[p]ursuant to Federal Rule of Civil Procedure 60(c)-(d) and premised on the inherent equitable powers of this Court . . . seeking relief from the September 29, 2017 final judgment in" *Flowers v. Eversource Energy*, 3:15-cv-00534 (VLB),[1] in which the Court granted Defendant CL&P

---

[1] The name "Eversource" is a registered trade name for The Connecticut Light and Power Company. The 2015 action, *Flowers v. Eversource Energy*, 3:15-CV-00534 (VLB), was brought under the trade name, but the two defendants named in the 2015 action and the instant action are the same.  *See* [ECF No. 1 ¶ 13].

summary judgment "on Flowers' claims of racial discrimination and retaliation based on the Court's determination that Flowers proffered insufficient evidence to support her claims." [ECF No. 1 ¶ 1].

Following CL&P's Motion to Dismiss, Plaintiff filed a Motion to Amend her Complaint, seeking to amend her complaint "as a matter of course" as her Motion to Amend was filed within 21 days of CL&P's Motion to Dismiss. [ECF No. 13]. Her Motion to Amend consists of a number of "Additions" Plaintiff seeks to make to her Complaint, including an addition to Paragraph 1 that "[t]he District Court's final judgement was not adjudicated on the merits," and various other details about the previous case between these parties and the appeal thereto. *Id.* After CL&P objected to her Motion to Amend, Plaintiff filed a Motion to Amend Reply Brief, in which she "concedes that she did not properly amend her complaint," [ECF No. 15], and concurrently files a proposed Amended Complaint. [ECF No. 16]. She explains in her Motion to Amend Reply Brief that her "intent" is for the Court to grant her relief "in equity," which is available to Plaintiffs who "(1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground... for the equitable relief." [ECF No. 15 at 3 (quoting *Campaniello Imports, Ltd. v. Saporiti Italia SpA*, 117 F.3d 655 (2d Cir. 1997)].

II. <u>Procedural History</u>

Plaintiff filed her original Complaint *pro se* on April 10, 2015, alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964

codified as 42 U.S.C. 2000e, *et al.* ("Title VII").  *Flowers v. Eversource Energy*, No. 3:15-cv-00534 (VLB), [ECF No. 1].  On July 2, 2015, Attorney Thomas W. Bucci appeared for Plaintiff.  *Id.*, [ECF No. 8].

On September 26, 2016, Defendant moved for summary judgment, arguing that "Plaintiff cannot establish that Eversource had no legitimate nondiscriminatory reasons for failing to promote her.  Instead, the undisputed evidence demonstrates that Eversource acted in accordance with Plaintiff's job performance and conduct in the workplace.  Plaintiff can produce no evidence that any Eversource policy or procedure demonstrates a discriminatory motive . . . [and] this Court should grant Eversource's Motion for Summary Judgment in its entirety and dismiss all claims in the Complaint."  *Id.,* [ECF No. 24].  On November 16, 2016, Plaintiff opposed Defendant's Motion for Summary Judgment.  *Id.,* [ECF Nos. 29, 30].

On December 27, 2016, Plaintiff's counsel Attorney Bucci moved to withdraw from the case, citing "the irreparable breakdown of the attorney/client relationship between the plaintiff and plaintiffs' [sic] counsel."  *Id.,* [ECF No. 40].  The Court granted the motion, and Plaintiff appeared *pro se* once again.  *Id.,* [ECF Nos. 38, 42].

The Court allowed Plaintiff to file a "substitute Memorandum in Opposition" to Defendant's Motion for Summary Judgment, which Plaintiff did on February 14, 2017.  *Id.,* [ECF Nos. 48, 52].

On September 29, 2017, the Court granted Defendant's Motion for Summary Judgment and entered Judgment "in favor of Connecticut Light And Power

3

Company against Patricia A. Flowers." *Id.*, [ECF Nos. 59, 60]. The Court found that there was evidence establishing a *prima facie* case of discrimination, but found that Defendant proffered a legitimate, nondiscriminatory reason for failing to promote Plaintiff, in that her performance was "substandard and erratic," and found that Plaintiff failed to produce evidence that this reason was mere pretext for racial discrimination. *Id.*, [ECF No. 59 at 16-18]. Plaintiff's claims of retaliation likewise failed. *Id.* at 21-35.

On October 10, 2017, Plaintiff moved for reconsideration of the Court's grant of summary judgment in favor of Defendant. *Id.*, [ECF No. 61]. On August 2, 2018, the Court denied Plaintiff's motion for reconsideration, finding that she offered no new evidence unavailable on summary judgment, and holding that "[b]ecause the Court previously considered the facts that Plaintiff asserted in her affidavit in the light most favorable to Plaintiff, by assuming that they were true, the Court did not err when it granted summary judgment." *Id.*, [ECF No. 64 at 16].

On August 16, 2018, Plaintiff filed a Notice of Appeal. *Id.*, [ECF No. 65]. That case was docketed in the Second Circuit as *Flowers v. Connecticut Light and Power Company*, No. 18-2415-cv (2d Cir.). Reviewing the Court's grant of summary judgment *de novo*, the Second Circuit affirmed the Court's grant of summary judgment, stating that "we agree with the district court that [Plaintiff] has failed to produce sufficient evidence that the failure to promote her was motivated by discriminatory animus rather than by [Defendant]'s stated motivations." No. 18-2415-cv, [ECF No. 60-1 at 4] (2d Cir. May 29, 2019). The Second Circuit also affirmed the Court's grant of summary judgment on Plaintiff's retaliation claims, finding that

"even assuming that [Plaintiff] has established a *prima facie* showing of retaliation, [Defendant] has offered ample evidence of legitimate, non-retaliatory reasons for the allegedly adverse actions taken toward [Plaintiff] following her filing of the complaint. Yet [Plaintiff] has failed to provide sufficient evidence that these actions were instead motivated by discriminatory animus." *Id.* at 4-5.

Plaintiff moved for panel rehearing and rehearing *en banc*, both of which the Second Circuit denied on July 23, 2019. *Id.*, No. 18-2415-cv, [ECF Nos. 68, 71].

Plaintiff petitioned for a writ of certiorari with the United States Supreme Court on October 15, 2019. *Flowers v. Connecticut Light & Power Company*, No. 19-535. The Supreme Court denied the Petition on November 18, 2019. No. 18-2415-cv, [ECF No. 74] (2d Cir.).

On February 11, 2020, Plaintiff filed with this Court a Motion for Relief from Judgment for Conspiracy to Commit Fraud on the Court. No. 3:15-cv-00534 (VLB), [ECF No. 69]. On April 28, 2020, the Court denied Plaintiff's Motion, finding that Plaintiff "ha[d] not shown that any fraud was achieved," and that Plaintiff was really arguing that "the Court's decision was improperly reasoned," which had been decided against Plaintiff on appeal. *Id.*, [ECF No. 70]. Plaintiff did not appeal the denial of Plaintiff's Motion for Relief.

On July 20, 2020, Plaintiff filed the *pro se* Complaint in this case. [ECF No. 1]. On August 28, 2020, CL&P moved to dismiss Plaintiff's Complaint. [ECF No. 10]. On September 18, 2020, Plaintiff moved to Amend her Complaint. [ECF No. 13]. On September 30, 2020, Plaintiff filed a Motion to Amend Reply Brief and a new proposed Amended Complaint. [ECF Nos. 15, 16].

III. <u>Legal Standard</u>

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

"The doctrine of *res judicata* provides that 'a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them.'" *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 255 (D. Conn. 2017) (quoting *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812 (1997)). *Res judicata* "bars not only those claims or legal theories that were asserted in the prior action, but also those legal claims or theories that could have

been asserted, regardless whether they were in fact raised by the parties, so long as they arise from the same transaction that formed the basis of the prior action." *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 260 (D. Conn. 2009) (quoting *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989)). "[W]hen a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a 'bar.' . . . The aim of [*res judicata*] is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues." *Wright & Miller*, 18 Fed. Practice & Procedure § 4402 The Terminology of *Res Judicata* (3d ed. 2020) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach.,* 575 F.2d 530, 535-36 (5th Cir. 1978)).

*Res judicata* is an affirmative defense, but "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

The doctrine of *res judicata* prohibits relitigation of a cause of action if three elements are present: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Soules v Conn. Dep't of Emergency Servs.*, 882 F.3d 52, 55 (2d Cir. 2018) (quotation marks omitted).

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

"[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Solutions, LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020). "Although Fed. R. Civ. P. 15(a) provides that the district court should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998) (citing *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990)).

IV. <u>Analysis</u>

The Court grants CL&P's Motion to Dismiss because the required elements of *res judicata* are clearly met in this case. First, "the previous action," Plaintiff's claim in her Motion to Amend notwithstanding, certainly "involved an adjudication on the merits." *Soules*, 882 F.3d at 55. The Court granted summary judgment to CL&P after carefully considering the merits of Plaintiff's case and entered Judgment for CL&P accordingly. No. 3:15-cv-00534 (VLB), [ECF Nos. 59, 60]. The Court notes that it also allowed Plaintiff two bites at the apple in opposing CL&P's motion for summary judgment, *id.,* [ECF Nos. 29, 48, 52], ruled on Plaintiff's pre-appeal Motion for Reconsideration, denying it, *id.,* [ECF Nos. 61, 64], and ruled on and denied Plaintiff's post-appeal Motion for Relief from Judgment for Conspiracy to Commit Fraud on the Court. *Id.,* [ECF Nos. 69, 70]. The Second Circuit considered *de novo* this court's grant of summary judgment against Plaintiff in

favor of Defendant and affirmed.  *Id.,* [ECF No. 68 (Second Circuit Mandate)].  In sum, both this court and the appellate court amply considered Plaintiff's case on the merits in the previous action and found it wanting and the United States Supreme Court reviewed the record below and declined to even consider reversal.

The other elements of *res judicata* are met as well.  The second element requires that the same parties or those in privity with them be involved in both cases, *Soules*, 882 F.3d at 55, which is clearly the case here as the same parties are involved in both.  The third element requires that "the claims asserted in the subsequent action were, or could have been, raised in the prior action," *Soules*, 882 F.3d at 55, which is the case here.  Plaintiff takes pains to note the procedural history from the previous action, explaining that she had to fire her counsel because he did not file an adequate opposition to CL&P's Motion for Summary Judgment, and explaining how she expanded it.  [ECF No. 1 ¶ 33 ("In her substituted opposition Flowers added a second failure to promote claim that took place on August 1, 2016 when Eversource rejected Flowers' application for a Senior Analyst position in retaliation for Flowers' filing for a racial discrimination complaint infra.") (citing Opposition to Summary Judgment, No. 3:15-cv-00534 (VLB), [ECF No. 52 at 59 ¶ 1])].  She also, in her Complaint, describes "2015 Litigation Facts" at length, and states that "the District Court failed to identify genuine disputes of material facts and question of facts infra that should have precluded summary judgement favorable to Eversource."  [ECF No. 1 ¶ 84].  She also describes certain facts from the previous case that the Court "overlooked" and posits certain questions in her Complaint, such as: "Do the inconsistencies

and contradictions in Temple's deposition testimony regarding managers who complained about Flowers' work performance show Temple's reason for rejecting Flowers' application for the Analyst position is pretext for intentional discrimination?" *Id.* ¶ 97. In sum, Plaintiff recounts facts from the previous case and argues in her Complaint that the Court inadequately reviewed them. *See generally Id.* And the Motion to Amend is more of the same, adding improper and incorrect conclusions of law, "[t]he District Court's final judgment was not adjudicated on the merits," and "the Second Circuit did not review the whole record on appeal," and again arguing that the Court inappropriately reviewed facts from the previous case. Most importantly, Plaintiff clearly states facts and raises claims that "were, or could have been, raised in the prior action," *Soules*, 882 F.3d at 55, which means that the third element of *res judicata* is met. As the elements of *res judicata* are all met, the Court's prior judgment in CL&P's favor acts as a "bar" to Plaintiff's present claims, and the Court must grant CL&P's motion to dismiss. *Wright & Miller*, 18 Fed. Practice & Procedure § 4402.

The Court must also deny Plaintiff's motion to amend as futile. As noted, Plaintiff has had her claims adjudicated multiple times and her proposed Motion to Amend does "not present[] any basis for the Court to believe [s]he could allege facts that could withstand a 12(b)(6) motion," *Singh v. Cigna Corp.*, 277 F. Supp. 3d 291, 326 (D. Conn. 2017), because she either states improper conclusions of law or presents argument concerning the Court's treatment of facts already in the record. *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (ruling in an inmate's

civil rights case that "the problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

Finally, the Court addresses Plaintiff's argument that because she is making a claim in equity, *res judicata* does not apply. [ECF No. 15 at 3-5]. The Court disagrees. Plaintiff states that she is proceeding under Rule 60(d), which is "available only to prevent a grave miscarriage of justice," and if such miscarriage is "sufficiently gross," may warrant a departure from "rigid adherence to the doctrine of res judicata." *Id.* at 5 (quoting *United States v. Beggerly*, 524 U.S. 38 (1998)). Here, as already determined by the Court on several occasions and by the Second Circuit, there has been no miscarriage of justice, much less a "grave miscarriage of justice" sufficient to warrant departure from the doctrine of *res judicata*. *Beggerly*, 524 U.S. at 47. Plaintiff cites no facts nor arguments that have not already been reviewed and ruled on in previous iterations of Plaintiff's same arguments. The Court is satisfied that Plaintiff's case has been sufficiently addressed on the merits multiple times, and no call for "equity" can change that fact.

V. <u>Conclusion</u>

The Court GRANTS CL&P's Motion to Dismiss and DENIES Plaintiff's Motion to Amend. The Clerk is directed to close this case.

IT IS SO ORDERED

      /s/      

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 9, 2021